**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Mary Miller,<br><br>    Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc.,<br>CSC Credit Services Inc., and LexisNexis<br>Risk & Information Analytics Group Inc.,<br><br>    Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681 et seq. and 28 U.S.C §§ 1331 and 1367.

## PARTIES

2. Plaintiff Mary Miller (hereinafter "Plaintiff") is a natural person who resides in the City of Circle Pines, County of Anoka, State of Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant Experian Information Solutions, Inc. (hereinafter "Defendant Experian") is a foreign corporation incorporated under the laws of Ohio and is authorized to do business in the State of Minnesota.  Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning

1

consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) of the Act, to third parties.

4. Defendant LexisNexis Risk & Information Analytics Group Inc. (hereinafter "Defendant LexisNexis") is a records vendor which provides public record searches for the credit reporting agencies from a business address of 12900 NW Expressway, Suite 1600, Oklahoma City, OK 73118.

5. Defendant CSC Credit Services Inc. (hereinafter "Defendant CSC") is a foreign corporation incorporated under the laws of Texas and authorized to do business in the State of Minnesota. It is a consumer credit reporting agency as defined by 15 U.S.C. §1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in §1681a(d) of the Act, to third parties. It is an affiliate of Equifax Information Services LLC and owns and maintains the consumer credit files of persons in specific geographical regions, such as Circle Pines, Minnesota.

## FACTUAL ALLEGATIONS

6. In March 2009, Plaintiff applied for a loan with U.S. Bank to refinance her home mortgage.

7. As part of the application process, U.S. Bank obtained copies of Plaintiff's credit reports with the major credit reporting bureaus.

8. Plaintiff was given a copy of her merged credit report from U.S. Bank and was shocked to see that several accounts and a civil judgment were erroneously being reported as belonging to her, including:

   - Capital One Acct. ending in 3133 ("charged off account" reported by Equifax and Experian)
   - Capital One Acct. ending in 2745 ("charged off account" reported by Equifax and Experian)
   - Capital One Acct. ending in 5547 ("account legally paid in full for less than the full balance" reported by Experian)
   - Civil Judgment from New York, Docket No. CV03091708NY (reported by Experian)

9. Plaintiff has never lived in New York and has no knowledge of the four Capital One accounts or state court judgment that were all listed as belonging to her.

10. In addition, two incorrect names, multiple social security numbers, and a date of birth were wrongfully listed as belonging to Plaintiff.

11. Upon information and belief, Plaintiff's credit history maintained by Defendants CSC and Experian is being mixed or merged with that of someone other than Plaintiff.

12. On or about June 1, 2009, a Notice of Entry and Docketing of Judgment and a Notice of Foreign Judgment from Anoka County Court was sent to Plaintiff, showing that the judgment originally obtained in New York, which Plaintiff has no knowledge of, had been entered and docketed in Minnesota.

13. On or about June 12, 2009, Plaintiff sent dispute letters to Defendants CSC and Experian stating that the Capital One accounts and the "New York County (CV-

03091708NY) and/or Anoka County (02-CV-09-4035)" judgments were listed in error and did not belong to her.

14. Upon information and belief, Defendants Experian and CSC both communicated notice of Plaintiff's dispute to Defendant LexisNexis pursuant to 15 U.S.C. § 1681i.

15. Upon information and belief, Defendant LexisNexis verified the accuracy of the state court judgment as belonging to Plaintiff to both Experian and CSC, in violation of 15 U.S.C. § 1681s-2(b).

16. On or about July 2, 2009, Defendant Experian sent Plaintiff the results of its investigation of Plaintiff's dispute, wherein it failed to remove the Anoka County judgment that does not belong to Plaintiff, in violation of 15 U.S.C. § 1681i.

17. In addition, Defendant Experian failed to report the state court judgment as "disputed by consumer," in violation of 15 U.S.C. § 1681i.

18. On or about July 16, 2009, Defendant CSC sent Plaintiff the results of its investigation of Plaintiff's dispute, wherein it failed to remove the Anoka County judgment that does not belong to Plaintiff, in violation of 15 U.S.C. § 1681i.

19. Upon information and belief, Defendants Experian and CSC continue to mix Plaintiff's credit file with that of another person, and continue to report the derogatory state court judgment as well as erroneous personal information, including a false employment history and the listing of a "spouse" named "Pete," all of which does not belong to or pertain to Plaintiff, to her current and potential creditors, in violation of 15 U.S.C. § 1681e.

20. As a result of Defendants' violations of 15 U.S.C §§ 1681i, 1681e, and 1681s-2(b) and defamatory credit reporting, Plaintiff has suffered actual damages in the form of reduction to credit score, out-of-pocket loss in the form of higher mortgage payments, embarrassment and emotional distress.

21. As a result of Defendants' violations, Plaintiff is entitled to actual, statutory and punitive damages in addition to attorney's fees and costs.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF THE FAIR CREDIT REPORTING ACT –
### 15 U.S.C. § 1681, *et seq*.

**Defendants Experian and CSC**

23. Plaintiff incorporates by reference the preceding paragraphs as though fully stated herein.

24. Defendants Experian and CSC prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Plaintiff to current and potential creditors.

25. Defendants Experian and CSC willfully violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible

accuracy of Plaintiff's consumer credit history, by allowing the derogatory state court judgment to continue to appear on her credit reports, by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, and by mixing Plaintiff's credit file with that of another person and reporting such to third parties when it knew or should have known the information and state court judgment did not belong to Plaintiff.

26. Further, Defendant Experian negligently and/willfully failed to report the state court judgment as disputed in violation of 15 U.S.C. § 1681c(f).

27. Defendants CSC and Experian willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report that they produced to third parties, including current and potential creditors.

28. As a result of Defendants' violations of 15 U.S.C. §§ 1681e(b), 1681c(f), and 1681i, Plaintiff has suffered out-of-pocket expenses, detriment to her credit rating, and emotional distress in an amount to be determined at trial.

29. Defendant CSC and Experian's conduct, actions and inaction were willful, rendering both liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

30. Plaintiff is entitled to recover costs and attorney's fees from Defendant s CSC and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.*

### Defendant LexisNexis

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of Plaintiff's disputes, failing to appropriately report the results of its investigation, and/or failing to appropriately modify, delete, and/or block the adverse state court judgment information.

33. As a result of Defendant LexisNexis's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages not limited to out-of-pocket expenses, detriment to her credit rating, emotional distress, embarrassment, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

34. Plaintiff is therefore entitled to recover actual damages from Defendant LexisNexis pursuant to 15 U.S.C. §§ 1681n and 1681o.

35. Defendant LexisNexis's conduct, actions and inaction were willful, rendering it liable for punitive damages in an amount to be allowed by the Court pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III.

## CREDIT DEFAMATION

### Defendants Experian, CSC, and LexisNexis

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendants maliciously communicated false and derogatory information about Plaintiff when they knew or should have known the state court judgment and other personal information did not belong to Plaintiff.

39. Defendants' false communications, acts and omissions resulted, in defamation of the Plaintiff and harmed her reputation.

40. Defendants' false communications were the type that would and/or did deter third persons from associating or dealing with Plaintiff.

41. Defendants' communications were the type that would injure Plaintiff's character, or subject her to ridicule, contempt, distrust, or would degrade her in the eyes of another.

42. Plaintiff has been seriously damaged as a result and is entitled to damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- costs and reasonable attorney's fees pre and post judgment pursuant 15 U.S.C. §1681 *et seq.*;
- actual damages for emotional distress and out of pocket losses as a result of the FCRA violations in an amount to be determined at trial;

- actual damages, costs and attorney's fees for credit defamation; and
- for such other and further relief as may be just and proper.

Dated this <u>23rd</u> day of September, 2009.

                                                   By: s/Thomas J. Lyons Jr._____
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq. (#0249646)
Trista M. Roy, Esq. (#0387737)
367 Commerce Ct.
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
Email: tommycjc@aol.com
Email: tristacjc@aim.com

*Attorneys for Plaintiff*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF ANOKA               )

I, Mary Miller, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Mary Miller_____
Mary Miller

Subscribed and sworn to before me
this 21  day of September, 2009.


s/Mary Katherine DuFresne_____
Notary Public